UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KEVIN MORRIS                              CIVIL ACTION NO. 5:15-cv-0206
     LA. DOC #352802
VS.                                       SECTION P


LOUISIANA DEPT. OF PUBLIC
SAFETY AND CORRECTIONS;                   JUDGE S. MAURICE HICKS
WARDEN RED RIVER PARISH
JAIL                                      MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Kevin Morris, an inmate in the custody of Louisiana's Department of

Public Safety and Corrections (D.O.C.), filed the instant petition for writ of *habeas corpus*

pursuant to 28 U.S.C. §2241 on February 2, 2015.  Petitioner claims that the D.O.C. has

erroneously calculated his sentence by depriving him of good time credits he should have earned

for a prior conviction. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the Court.

*Background*

On December 12, 1994, petitioner was convicted of aggravated battery and sentenced to

serve 5 years at hard labor.  He was given credit for time-served between the date of his arrest

and the date of his conviction, but he was denied good time credits and consequently served the

entire 5 year sentence. He completed the 5 year sentence and was released on May 20, 1999.

Thereafter, in 2005 petitioner was found guilty of being a felon in possession of a firearm

in the matter entitled *State of Louisiana v. Kevin Morris*, Docket No. 96,358 of the Thirty-Ninth

Judicial District Court, Red River Parish. He was sentenced to serve 15 years at hard labor

without benefit of parole. [*See State v. Morris*, 40,413 (La. App. 2 Cir. 12/14/2005), 917 So.2d 745.]

On July 9, 2010, petitioner, who was then incarcerated at the Winn Corrections Center, filed a petition for writ of *habeas corpus* in this Court. In that petition he complained that he was denied good time credits with regard to the aggravated battery conviction and he sought restoration of those credits so that they could be applied toward the sentence he was presently serving. That petition was ultimately dismissed without prejudice on September 28, 2010 on the grounds that petitioner had failed to exhaust available State court remedies prior to filing suit. *See Kevin Morris v. Warden Timothy Wilkinson*, Civil Action No. 1:10-cv-1176.

Thereafter, in June 2013 he was convicted of entry onto or remaining where forbidden in Red River Parish and sentenced to serve 6 months. On July 22, 2013 petitioner filed a petition for writ of *habeas corpus* attacking that conviction. On January 6, 2014 his petition was denied and dismissed without prejudice based on petitioner's failure to exhaust available State court remedies.  *See Kevin Morris v. Warden Glen Edwards*, Docket No. 5:13-cv-2317.

While in custody petitioner claims to have discovered that the statute which he claims was invoked to deny him good time eligibility on his aggravated battery sentence had been declared unconstitutional by the Nineteenth Judicial District Court, East Baton Rouge Parish, in the matter entitled *Raymond Demoulin v. State of Louisiana*, Docket Number488,486.  He then availed himself of the D.O.C.'s grievance process and citing *Demoulin* requested that the good time credits he was denied while serving his aggravated battery sentence be credited toward his current sentence. His grievance was ultimately denied on April 1, 2014, by the D.O.C. in the grievance assigned Case Number HDQ-2014-0847. In denying relief, the Secretary's designee

2

noted, "The issues you are asserting is regarding a docket that has full termed in 1999." [Doc. 1-2, p. 1]

Petitioner apparently filed a civil action in the Nineteenth Judicial District Court sometime prior to September 2014; this action was entitled *Kevin Morris v. La. Dept. of Public Safety & Corrections, et al.*, and was assigned Docket Number 629,890. On September 8, 2014, the defendant filed an answer conceding exhaustion of administrative remedies but denying petitioner's claim that he was entitled to "... any credit toward his instant sentence for time allegedly owed on a previous sentence that he has completed." The defendant also alleged that "... any cause of action regarding a previously completed sentence in 1999 is prescribed." [Doc. 1-2, pp. 5-8] Petitioner did not provide a copy of the judgment of the Court, nor do his pleadings indicate whether the matter remains pending in the Nineteenth Judicial District Court or any other Louisiana Court.

Sometime in October 2014 petitioner apparently filed an application for post-conviction relief and a petition for writ of mandamus in the Louisiana Second Circuit Court of Appeals. In a letter dated February 26, 2015, to the Clerk of the Second Circuit, petitioner inquired as to the status of those filings.

A review of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ denials by that Court of pleadings filed by on or behalf of petitioner.

### *Law and Analysis*

State prisoners, such as petitioner, may seek review of their custody under the federal *habeas corpus* statutes pursuant to 28 U.S.C. §§2241 and 2254. Generally, *habeas* petitions filed pursuant to Section 2241 challenge the manner in which a sentence is executed, or attack the

legality of prisoner's custody prior to conviction whereas Section 2254 provides the means to collaterally attack a state court conviction and sentence. *See*, *e.g., Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir.2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established.  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process."  *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);  *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997)*.* In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims.  *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.  The exhaustion requirement was written into the statute with the passage of the AEDPA. See 28 U.S.C. §2254(b).

4

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state prisoners, there is no express statutory requirement that the inmate exhaust state court remedies prior to asserting his claims in federal court.  However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention.  *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

It does not appear that these pleadings collaterally attack any of petitioner's prior Louisiana convictions. Instead, petitioner seeks to have good time credits restored and applied to his current incarceration. In so doing, he implies that his continued detention is in violation of the Constitution and laws of the United States. However, before he can litigate his federal Constitutional claims in this Court he must first exhaust available state court remedies, or demonstrate the absence of such remedies before he can proceed.

It appears from the pleadings and exhibits and Court records that he has thus far had no success with his argument; nor does success seem likely.  Be that as it may, before he can invoke the *habeas* jurisdiction of this Court, he must first litigate his claim in the proper Louisiana District Court and thereafter, if unsatisfied, he must then invoke the supervisory jurisdiction of the appropriate Court of Appeal and thereafter, the Louisiana Supreme Court if necessary. Petitioner has neither demonstrated exhaustion of state court remedies nor the absence of same and his petition must be dismissed at this time.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies or establish the absence of same.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Monroe, Louisiana April 7, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**